IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GONZALO SALDANA AND,** | § | |
| **ROSA R. ORENSTEIN,** | § | |
| | § | |
| Appellants, | § | |
| | § | |
| v. | § | Civil Action No. **3:15-CV-1918-L** |
| | § | |
| **ESTELA SALDANA AND** | § | |
| **JOHN H. LITZLER, TRUSTEE,** | § | |
| | § | |
| Appellees. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Appellants' Joint Motion for Stay Pending Appeal and Waiver of Bond or, Alternatively, to Determine Amount of Bond (Doc. 2), filed June 4, 2015. The Trustee filed a response in opposition to Appellants' motion. After considering the motion, response, reply, the record, and applicable law, the court **denies** Appellants' Joint Motion for Stay Pending Appeal and Waiver of Bond or, Alternatively, to Determine Amount of Bond (Doc. 2).

**I.     Procedural Background**

On May 22, 2015, the bankruptcy court entered a memorandum opinion and order ("May 22, 2015 opinion") regarding a contested matter involving Chapter 7 Debtor Gonzalo Saldana's claimed Texas rural homestead exemptions to multiple properties. After a hearing on the Trustee's objections to the claimed homestead exemptions, the bankruptcy court determined that Gonzalo Saldana was entitled "to claim a homestead exemption in the Business Properties— 60 acres, but not Parcel 4 of the French Properties (the 141.24 acre tract)." Mem. Op. and Order 42. The bankruptcy court also imposed monetary sanctions against Appellants and their counsel. Appellants

appeal the bankruptcy court's May 22, 2015 (1) denial of Gonzalo Saldana's claimed homestead exemption to a 141.24 acre tract of rural property located in Navarro County, Texas, referred to as "Parcel 4"; and (2) imposition of sanctions against Appellants and their counsel in the amount of $30,354.50. Their Motion to Stay pertains only to the portion of the bankruptcy court's May 22, 2015 opinion denying the claimed homestead exemption to Parcel 4.[1]

Before filing their Joint Motion for Stay Pending Appeal ("Motion to Stay") and Waiver of Bond or, Alternatively, to Determine Amount of Bond in this court, Appellants filed a similar motion in the bankruptcy court, seeking a stay and waiver of bond of the bankruptcy court's Parcel 4 ruling and sanctions order. The bankruptcy court determined that Appellants were not entitled to a discretionary stay with respect to the Parcel 4 exemption or sanctions rulings and denied their request for a waiver of bond. Without ruling on the motion to stay, the bankruptcy court ordered that: (1) Appellants could obtain a stay of the Parcel 4 exemption ruling if they posted a bond in the amount of $229,054; and (2) Appellants could obtain a stay of the sanctions order if they posted a bond in the amount of $36,675.40.

Appellants contend that they are entitled to a stay of the bankruptcy court's order pertaining to Parcel 4, but they do not set out the reasons for the bankruptcy court's ruling on their Joint Motion for Stay Pending Appeal and Waiver of Bond or, Alternatively, to Determine Amount of Bond that was presented to the bankruptcy court. Appellants assert that they posted a cash bond of $36,675.40 on June 5, 2015, to stay the bankruptcy court's sanction order but contend that they should not have to pay any bond to stay enforcement of the bankruptcy court's order denying the claimed homestead

---

[1] The facts giving rise to this appeal and the underlying bankruptcy proceedings brought by Debtor Gonzalo Saldana are set forth in detail in the bankruptcy court's May 22, 2015 opinion and need not be repeated here.

**Memorandum Opinion and Order - Page 2**

exemption for Parcel 4. Alternatively, they contend that they should only be required to pay a bond amount "greatly reduced" from that set by the bankruptcy court. Appellants' Mot. 18.

## II.     Standard Applicable to Motion to Stay Bankruptcy Court Order Pending Appeal

Federal Rule of Bankruptcy Procedure 8007 provides that a motion to stay a bankruptcy court order or request for approval of a supersedeas bond must ordinarily be presented to the bankruptcy judge in the first instance before or after a notice of appeal is filed. Fed. R. Bankr. P. 8007(a)(1). A motion made in the district court under Rule 8007(a)(1) or to modify a bankruptcy court's order granting such relief must: "if a motion was made in the bankruptcy court, either state that the [bankruptcy] court has not yet ruled on the motion, or state that the court has ruled and set out any reasons given for the ruling." Fed. R. Bankr. P. 8007(b). The motion must also include: "(A) the reasons for granting the relief requested and the facts relied upon; (B) affidavits or other sworn statements supporting facts subject to dispute; and (C) relevant parts of the record." *Id.* Although Appellants' Motion to Stay does not set out the reasons for the bankruptcy court's ruling on their Joint Motion for Stay Pending Appeal and Waiver of Bond or, Alternatively, to Determine Amount of Bond, the court was able to ascertain the bankruptcy court's reasoning from its order. The court, therefore, concludes that Appellants have satisfied Rule 8007(a).

The decision whether to grant a stay of a bankruptcy court's order pending appeal falls within the district court's sound discretion. *In re First South Savings Ass'n*, 820 F.2d 700, 709 (5th Cir. 1987). "A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken v. Holder*, 556 U.S. 418, 426-27 (2009) (internal citations and quotation marks omitted). Accordingly, a stay pending appeal is considered an "extraordinary remedy." *Belcher v. Birmingham*

*Trust Nat'l Bank*, 395 F.2d 685, 686 (5th Cir. 1968). The court considers four factors in evaluating the appropriateness of a stay pending appeal of a bankruptcy court order: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Nken*, 556 U.S. at 426.  The first two of these factors are the most critical. *Id.* at 434.  The movant seeking a stay of a bankruptcy court order pending appeal has the burden to satisfy all four requirements.  *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982) ("*Ruiz II*"). In *In re First South Savings Association*, the Fifth Circuit explained as follows regarding the first factor:

> In *Ruiz I*, 650 F.2d 555 (5th Cir.1981), we stated that "on motions for stay pending appeal the movant need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Id.* at 565. In *Ruiz II*, 666 F.2d 854 (5th Cir.1982), we cautioned against reading *Ruiz I* as "a coup de grace for the likelihood-of-success criterion in this circuit." *Id.* at 856. We said: "Likelihood of success remains a prerequisite in the usual case even if it is not an invariable requirement. Only 'if the balance of equities (*i.e.* consideration of the other three factors) is . . . *heavily tilted* in the movant's favor' will we issue a stay in its absence, and, even then, the issue must be one with patent substantial merit." *Id.* at 857 (quoting *Ruiz I*, 650 F.2d at 565-66) (emphasis added by *Ruiz II* court).

*In re First South Savings Ass'n*, 820 F.2d at 709 n.10.

The homestead exemption issue in this case is not novel and does not involve a serious legal question.  Appellants must, therefore, satisfy the more stringent likelihood of success on the merits standard and show that the balance of the equities weighs heavily in favor of granting the stay. *See id.*

**Memorandum Opinion and Order - Page 4**

**III.    Appellants' Motion to Stay Bankruptcy Court Order**

Appellants contend that they have satisfied all of the requirements necessary for a stay. For the reasons that follow, the court disagrees.

**A.    Likelihood of Success on the Merits**

Regarding the first requirement, Appellants contend that they are likely to prevail on the merits of the appeal regarding the homestead exemption status of Parcel 4 because: (1) Appellees lacked standing to assert objections to the claimed homestead exemption to Parcel 4; and (2) the bankruptcy court applied the wrong legal standard in sustaining Appellees' objections to the claimed homestead exemption.

Regarding the first issue, Appellants contend that the Trustee acted "imprudently in bringing the Exemption Objections," but they cite no legal authority in their motion for their argument that the Trustee and Estela Saldana, debtor Gonzalo Saldana's ex-wife, lacked standing to assert objections to the claimed homestead exemption to Parcel 4. Appellants' Mot. 8. Appellants' Brief is similarly devoid of any legal authority on this issue. Thus, Appellants have not shown a likelihood of success of prevailing on this issue.

Regarding the second issue, Appellants contend that, while the debtor claiming an exemption has the initial burden of production and must come forward with evidence to establish the exemption to property before the objecting party is obligated to come forward with proof in support of the objections asserted, the objecting party to the homestead exemption has the ultimate burden of persuasion under Rule 4003(c) of the Federal Rules of Bankruptcy Procedure and must produce evidence to rebut the prima facie claimed exemption. Appellants contend that Appellees presented

no evidence in support of their objections, and the bankruptcy court improperly shifted the burden to Gonzalo Saldana to prove the claimed homestead exemption.

Appellants' contention that the bankruptcy court erred in applying the wrong legal standard and burden of proof in sustaining Appellees' objections is not supported by the record. The bankruptcy court's May 22, 2015 opinion includes the following correct statements of law: "The Bankruptcy Rules provide that, in any hearing concerning an objection to exemptions, the objecting party has the burden of proving that the exemptions are not properly claimed. The facts and law existing as of the date of the petition govern a debtor's claimed exemptions." Mem. Op. and Order 18-19 (citing Fed. R. Bankr. P. 4003(c) and *In re Zibman*, 268 F.3d 298, 302 (5th Cir. 2001)) (footnotes omitted). Further, although Appellees did not put on any evidence in support of their objections, the bankruptcy court appears to have concluded that Gonzalo Saldana did not meet his initial burden with respect to the claimed exemption and that Gonzalo Saldana's testimony actually undermined the exemption claimed as to Parcel 4.

Moreover, the bankruptcy court determination regarding the claimed exemption was based in large part on its finding that Gonzalo Saldana's testimony regarding his use of the property was not credible and conflicted with the Schedules filed by him earlier in the bankruptcy case. The court, therefore, concludes that Appellants have not shown a likelihood of succeeding on the merits of this issue on appeal, which will necessarily require them to overcome the factual and credibility findings made by the bankruptcy court with respect to the claimed homestead exemption.

### B.     Irreparable Harm

Regarding the second requirement, Appellants contend that Gonzalo Saldana will be irreparably harmed if the bankruptcy court's denial of the claimed homestead exemption is not stayed

because in Texas, "every piece of real estate is unique, and foreclosure can be an irreparable injury for which there is no adequate remedy at law." Appellants' Mot. 14 (quoting *Lavigne v. Holder*, 186 S.W.3d 625, 629 (Tex. App.—Ft. Worth 2006, no pet.)). On August 18, 2015, Appellants supplemented their Motion to Stay to notify the court that the Trustee filed, on July 29, 2015, a motion in the bankruptcy proceeding to sell Parcel 4. In their supplemental filing, Appellants continue to maintain that Gonzalo Saldana will suffer irreparable harm if the bankruptcy court's order as to Parcel 4 is not stayed pending resolution of this appeal. Appellants contend that, if the Trustee is permitted to sell Parcel 4, Gonzalo Saldana's will lose his fundamental homestead rights under the Texas Constitution.

Appellants' irreparable harm argument is premised in substantial part on the assumption that the property qualifies as a homestead, which goes to the heart of their appeal. The court, however, has already determined that Appellants have not shown a likelihood of succeeding on the merits of the exemption issue. Moreover, the case cited by them for the proposition that every piece of property is unique is distinguishable, as the *Lavigne* court's irreparable harm analysis was based on its conclusion that "[d]isruption to a business can be irreparable harm," and its finding that there was an imminent threat that the plaintiff would suffer irreparable harm if the defendant was not enjoined from foreclosing on the property at issue because the plaintiff presented evidence that he earned his livelihood by operating an auto body shop on the property and had done so for the past 20 or more years. Here, on the other hand, the bankruptcy court noted in its May 22, 2015 opinion that Gonzalo Saldana's testimony regarding usage of Parcel 4 was "very vague" and contradicted the Schedules previously filed by him in the bankruptcy proceeding. Mem. Op. and Order 22-23. Further, even assuming that the irreparable harm requirement has been met by Appellants, it is not enough alone

to justify a stay of the bankruptcy court's order denying the claimed homestead exemption to Parcel 4. *See United States v. Simcho*, 326 F. App'x 791, 793-94 (5th Cir. 2009) (per curiam) (affirming denial to stay of judgment despite ordered foreclosure of property in which the appellant claimed a homestead exemption but failed to show a likelihood of success on the merits).

### C.    Injury to Other Parties and Public Interest

Appellants contend that there will be "no harm, or comparatively insignificant harm" to Estela Saldana if the requested stay is granted because her lien claim to Parcel 4 is currently subject of a state court lawsuit. Appellants' Mot. 16. Appellants contend that, if Estela Saldana ultimately prevails in the state court litigation, she will be able to take whatever action is allowed to her at that time. According to Appellants, Estela Saldana's lien claim is being asserted for one purpose, that is, to satisfy and obtain cash for her money judgment in the parties' final Divorce Decree.[2] Appellants similarly assert that the Trustee will not be harmed by the stay because the bankruptcy estate is only entitled to whatever interest remains after Estela Saldana's lien, if any, is satisfied. Finally, Appellants contend in conclusory fashion that "preserving homestead [exemption] statutes serves the public interest." Appellants' Mot. 17; Appellants' Reply 6.

In response, the Trustee contends, and the bankruptcy court previously found, that the bankruptcy estate does not have any funds for the administration of the Chapter 7 bankruptcy case, and the administrative expenses are growing exponentially due to the contentious nature of the case. The Trustee contends that the stay will serve Appellants' interests but not the public interest. The Trustee further asserts that a stay in this case is not appropriate because:

---

[2] According to the May 22, 2015 opinion, Gonzalo Saldana's former wife Estela Saldana is the largest creditor in the bankruptcy case and has asserted a claim against Gonzalo Estela in excess of $2.5 million as a result of a prepetition Divorce Decree entered by the 13th Judicial District Court of Navarro County, Texas.

**Memorandum Opinion and Order - Page 8**

> The Debtor's case has been pending since 2013, and Debtor voluntarily elected to convert his chapter 11 case to a chapter 7 bankruptcy. By and through his voluntary election, Debtor chose to have a chapter 7 trustee appointed to administer his case. The appointment of a trustee necessarily means that the trustee will administer and liquidate the non-exempt assets of the Debtor for the benefit of all creditors. A stay pending appeal would hold hostage hundreds of thousands of dollars' worth of property that should be properly liquidated by the Trustee, as ordered by the Bankruptcy Court. If the Debtor and Debtor's Counsel are allowed to halt the sale of property when the Bankruptcy Court has instructed the Trustee to move forward with liquidating the bankruptcy estate's assets, the Debtor and Debtor's Counsel will once again succeed in delaying the administration of this estate and costing the estate money.

Trustee's Resp. 12-13.

The court concludes that the injury-to-others and public interest factors are neutral and do not "heavily tilt" in Appellants' favor even when considered together with the irreparable harm factor; nor do the issues appealed have "patent substantial merit." *In re First South Sav. Assoc.*, 820 F.2d at 709 n.10. The court further concludes that, while the bankruptcy proceedings have been contentious and the relationship between Gonzalo and Estela Saldana is acrimonious as a result of their divorce, this case does not qualify as an "unusual case" in which a stay is warranted. Accordingly, the court **denies** Appellants' request for the court to stay the bankruptcy court's May 22, 2015 opinion denying the claimed homestead exemption to Parcel 4 pending appeal.

### IV.    Appellants' Request for Waiver of a Bond or a Reduced Bond

Appellants contend that they should not have to pay any bond because the bankruptcy estate has no interest in Parcel 4. Alternatively, Appellants contend that they should only be required to pay a "greatly reduced" bond to stay the bankruptcy court's order regarding Parcel 4 because of Gonzalo Saldana's bankruptcy status and Appellants' financial inability to pay a bond. Appellants, therefore, request the court to modify the bond amount set by the bankruptcy court.

The Trustee responds that, in the event that the court grants Appellants' Motion to Stay the bankruptcy court's order regarding Parcel 4, Appellants should be required to post the $229,054 bond set by the bankruptcy court. The Trustee asserts that Appellants have presented no compelling reason why they should not be required to post the bond determined by the bankruptcy court. According to the Trustee, the bankruptcy court properly determined the bond amount by taking the value of Parcel 4 ($190,670); increasing this amount by 20%; and adding an additional $250. Trustee's Resp. 11.

The Trustee contends, based on *In re Texas Equipment Co., Inc.*, 283 B.R. 222, 228 (N.D. Tex. 2002), that the "purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal," and the bond amount determined by the bankruptcy court will preserve the status quo and is necessary to protect Appellees' rights pending the appeal of this case if a stay is ordered. The Trustee further contends that Gonzalo Saldana's financial status as a debtor does not entitle Appellants to a "free" stay pending appeal. According to the Trustee, debtors in bankruptcy should be held to the same standards as other litigants. The Trustee asserts that Appellants' contention regarding Gonzalo Saldana's financial distress is undermined because he "obviously has sufficient funds to hire experienced bankruptcy counsel and litigate this appeal." Trustee's Resp. 12.

Federal Rule of Civil Procedure 62(d) applicable to supersedeas bonds provides that when an appeal is taken, the appellant may post a supersedeas bond to obtain a stay. Fed. R. Civ. P. 62(d). After the supersedeas bond is posted and approved, the appellant is entitled to an automatic stay. *Id.*; *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir.1992). "In the bankruptcy setting, the rules related to seeking a stay of a proceeding pending appeal . . . make F.R.C.P. 62(d) applicable to with

respect to judgments and contested matters. *United States v. Revie*, 834 F.2d 1198, 1205 (5th Cir. 1987).

Although Rule 62(d) does not specifically define the amount and conditions of a supersedeas bond, it has been construed as requiring a bond in the amount of "the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay." *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). Local Civil Rule 62.1 applicable to supersedeas bonds provides that, unless the parties agree to waive the supersedeas bond requirement or otherwise ordered by the presiding judge, a supersedeas bond shall be "in the amount of the judgment, plus 20% of that amount to cover interest and any award of damages for delay, plus $250.00 to cover costs." L. R. 62.1.

The court in *Poplar Grove* explained that the burden of obtaining a departure of the general rule requiring the posting of a supersedeas bond is on the movant:

> If a court chooses to depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such a departure. It is not the burden of the judgment creditor to initiate contrary proof. Such a supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money.

*Poplar Grove Planting and Refining Co.*, 600 F.2d at 1191. To invoke an exception to the supersedeas bond requirement, the movant must either (1) "demonstrate objectively a present financial ability to facilely respond to a money judgment and present a financially secure plan for maintaining that same degree of solvency during the period of the appeal"; or (2) demonstrate that the "the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden." *Id.* Only the second of these exceptions is applicable here, as Appellants assert financial inability to pay a bond.

**Memorandum Opinion and Order - Page 11**

...

In this regard, Appellants contend that Gonzalo Saldana "cannot obtain a corporate surety bond because he is in chapter 7. [Orenstein Affidavit, Para. 14]. Saldana cannot afford to pay the cash bond of $229,054.00. [Saldana Affidavit, Para. 8]." The referenced "Orenstein Affidavit" was provided by Appellants' counsel. In support of the assertion that Gonzalo Saldana is financially unable to pay the bond set by the bankruptcy court, Gonzalo Saldana states in his affidavit:

> 7.  I am currently not gainfully employed. The only property I own is the exempt property the subject of the this bankruptcy case.
>
> 8.  I do not have the funds or available property to post a cash bond in the amount of $229,054.00 as ordered by the Bankruptcy Court as a condition of imposing a stay pending appeal as to the 141 acre portion of my claimed exemption.

G. Saldana Aff. ¶¶ 7-8.

The $229,054 bond set by the bankruptcy court is reasonable, as it was calculated in accordance with this court's local rules and Fifth Circuit precedent regarding the calculation of supersedeas bonds, and the court concludes that Appellants have not met their burden of demonstrating an exception to the bond requirement. The affidavits of Gonzalo Saldana and Appellants' counsel do not show that Appellants are financially unable to pay a bond in any amount, as Gonzalo Saldana's affidavit and the record indicate that Parcel 4, which is the subject of this appeal, is not the only property owned by Gonzalo Saldana. As previously noted, the bankruptcy court determined that, while Gonzalo Saldana was not entitled to a rural homestead exemption for Parcel 4, he was entitled "to claim a homestead exemption in the Business Properties— 60 acres." Mem. Op. and Order 42. Moreover, Gonzalo Saldana's affidavit is devoid of any specific information to support his conclusory assertion that he does "not have the funds or available property to post a cash bond in the amount of $229,054.00 as ordered by the Bankruptcy Court." G. Saldana

**Memorandum Opinion and Order - Page 12**

Aff. ¶ 8. According to Debtor's Schedule B, the sixty-acre Business Property found to be exempt by the bankruptcy court has a value of $273,370. Mem. Op. and Order 8. The court, therefore, concludes that, notwithstanding his status as a Chapter 7 bankruptcy debtor, Gonzalo Saldana's financial condition is not so impaired that requiring them to post the cash or supersedeas bond ordered by the bankruptcy court would impose an undue financial burden on them. *See Poplar Grove Planting and Refining Co.*, 600 F.2d at 1191. The court, therefore, **denies** Appellants' request for the court to waive the bond requirement or significantly reduce the amount of the bond set by the bankruptcy court.

### V.   Conclusion

For the reasons stated, the court **denies** Appellants' Joint Motion for Stay Pending Appeal and Waiver of Bond or, Alternatively, to Determine Amount of Bond (Doc. 2). Accordingly, if, Appellants wish to stay the bankruptcy court's order denying the claimed homestead exemption to Parcel 4, they **must** post the $229,054 bond ordered by the bankruptcy court in accordance with the bankruptcy court's order.

**It is so ordered** this 25th day of August, 2015.

                                              Sam A. Lindsay
                                              United States District Judge